Lea, Sp. J.,
delivered the opinion of the court;
By act of.1868 [Acts 1867-68, ch. 79, see. 5], a tax of *46 $25 is imposed upon all claim agents, provided that all claim agents whose practice is exclusively confined to prosecuting claims for hack pay and bounty, and applications for pensions shall be exempt. There is an agreed statement of facts in this cause, from which it appears that the plaintiff in error is a lawyer; “that the defendant, under the various acts of congress of the United States, prepared applications under said acts for payment of claims of stores furnished by the citizen to, or taken from him by the United States army, and otherwise; that the defendant, in prosecuting his said collections against the United States government, does so through the intervention and assistance of attorneys associated with him for that purpose, at Washington city; that the defendant does the necessary work in preparation at this end of the line, while the attorney acting as attorney for client at the Washington end of the line, presents the case to the proper departments at Washington city, and prosecutes to final issue there; that $ie Washington attorney deducts his fee or per cent., and remits through the home attorney, a check or draft for the balance to the client.”
Is the defendant liable upon this statement of facts to the tax imposed by this act? It is insisted that the defendant is not a claim agent, in the purview of the law; that the acts of congress define a claim agent to be “every person whose business it is to prosecute claims in any of the executive departments of the federal government, shall be deemed a claim agent.” Admitting this definition to be correct, we are of opinion that the plaintiff in error is a claim agent. True, he does not appear in person to prosecute claims in any of the executive departments of the federal government, yet he does so through the intervention and assistance of attorneys associated with him for that purpose at Washington city. To hold that he was not a claim agent would be a mere play upon words, and do violence to the spirit and meaning of the act.
*47 It is next insisted that, being a lawyer, he had the right to collect a claim against the government, as well as any other corporation. As a lawyer, he has the right to prosecute or defend suits in any of the courts of this state, but a claim agent may or may not be a lawyer.' Any person may prosecute claims before the executive departments of the federal government. It is further insisted that the act is unconstitutional, because it exempts bounty and pension agents. The constitutionality of similar acts have been so often before the court that we will not again assign reasons why we hold it to be constitutional. By the act, all bounty and pension agents are exempt, and all other claim agents are liable to taxation. It is further insisted that the clerk [of the county court], who was inducted into office in September, 1874, has not the right or authority to collect taxes which were due before he came into office, and which his predecessors had failed to collect. We are of opinion that it is the duty of the clerk to collect all taxes which he finds uncollected. His bond is for moneys which should come into his hands, and thus covers the back taxes. •
Judgment will be entered here for the taxes due, the case having been heard by the court without the intervention of a jury.
The clerk will report amount of taxes now due.